UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE HOOD, III, | No. C 10-664 MHP (pr) |
|     Petitioner, | **ORDER OF DISMISSAL** |
|     v. | |
| ARNOLD SCHWARZENEGGER, | |
|     Respondent. | |

Leslie Hood filed a petition for writ of habeas corpus, see 28 U.S.C. § 2241, to challenge his parole revocation term. He alleges that he accepted a 4-month parole revocation term on February 28, 2008, and then was given an additional 7-month revocation term based on supplemental charges against him on March 24, 2008. He contends that the 7-month sentence was imposed in violation of his right to due process because he did not have a timely hearing on the supplemental charges. Since the filing of the petition, Hood has been released from custody.

Article III, § 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) An incarcerated convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Courts may presume that a

criminal conviction has continuing collateral consequences, even after the petitioner's release. See id. at 8-12 (1998). However, the presumption of collateral consequences that is applied to criminal convictions does not extend to parole revocations. See id. at 13 (1998). As a result, a petition challenging a parole revocation term is moot upon the prisoner's release.

Hood's habeas petition is now moot because he has completed the parole revocation term he challenges in it. Having been released from prison, establishing the invalidity of the parole revocation term would have no effect on it. The action therefore is dismissed.

The in forma pauperis application is GRANTED. (Docket # 4.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED:   September 27, 2010

Marilyn Hall Patel
United States District Judge